IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CAMILLE CLAY | * | |
| | * | |
| v. | * | Civil No. JFM-05-1430 |
| | * | |
| TOWSON UNIVERSITY | * | |
| | ***** | |

MEMORANDUM

Plaintiff has brought this action for employment discrimination against her former employer, Towson University.  Defendant has filed a motion to dismiss or for summary judgment to which plaintiff has responded.  The motion will be treated as one to dismiss and will be granted.

   1. Title VII Claim

The last act of discrimination plaintiff charges occurred on May 25, 2004, the effective date of her resignation.  The EEOC date-stamped her charge as "received" on March 28, 2005, 306 days after May 25, 2004.  Title VII requires that in a case such as this, an EEOC charge be filed within 300 days of the alleged discriminatory conduct.  42 U.S.C. § 2000e-5(e)(1).  Therefore, plaintiff's EEOC claim is time barred.  *See, e.g.*, *Tangires v. Johns Hopkins Hosp.*, 79 F. Supp. 2d 587, 597 (D.Md.2000), *aff'd*, 230 F.3d 1354 (4th Cir. 2000).

   2. State Law Claim

Plaintiff does not challenge Towson University's assertion that it is an instrumentality of the state of Maryland.  Therefore, whether plaintiff's claim be viewed as one directly under the First Amendment or one for common law wrongful discharge, it is barred by the Eleventh Amendment.  *See, e.g.*, *Weller v. Dep't of Social Services*, 901 F.2d 387, 397-98 (4th Cir. 1990)*; Hejirka v. Maryland Div. of Corr.*, 264 F. Supp. 2d 341, 345 (D. Md. 2003); *Farmer v. Ramsay*,

41 F. Supp. 2d 587, 590-91 (D. Md. 1999).[1]

 3. Claim Under the Equal Pay Act

 Plaintiff's allegations underlying her Equal Pay Act claim are entirely conclusory in nature. Accordingly, they fail to state a claim upon which relief can be granted. *See, e.g.*, *Frasier v. General Elec. Co.*, 930 F.2d 1004, 1007-08 (2d Cir. 1991); *Rose v. Goldman, Sachs & Co.,* 163 F. Supp. 2d 238, 242-44 (S.D.N.Y. 2001); *Baumgardner v. ROA Gen. Inc.*, 864 F. Supp. 1107, 1109-10 (D. Utah1994).

 A separate order dismissing this action is being entered herewith.


Date: September 27, 2005  /s/
           J. Frederick Motz
           United States District Judge

---

[1] Defendant makes various other contentions challenging the viability of plaintiff's state law claims. Because I lack subject matter jurisdiction over those claims, I will not address those contentions.